UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL PAUL PUZEY,

Petitioner,

vs. Case No. 5:11-cv-571-Oc-99TBS

WARDEN, FCC COLEMAN-USP-I,

Respondent.

---

**OPINION AND ORDER**

Petitioner Michael Paul Puzey, a federal prisoner, previously incarcerated at Federal Correctional Complex located in Coleman, Florida,[1] filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. #5, Petition). Petitioner submitted a Memorandum of Law in Support of the Petition (Doc. #1, Memorandum).

The Petition attacks the validity of Petitioner's 2001 conviction entered by the United States District Court, Northern District of West Virginia in case number 3:00-cr-00057 for: (1) one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(a), (b)(1)(A) and 846; (2) one count of distribution of 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a) and (b)(1)(B); (3) three counts of distribution of lesser amounts of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(C);

---

[1]Since the filing of the Petition, Petitioner was transferred from FCC Coleman to Allenwood U.S. Penitentiary located in White Deer, Pennsylvania. See Notice of Change of Address, filed on October 18, 2012 (Doc. #14).

and, (4) one count of use of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). Response, Exh. 2. Petitioner was sentenced to life imprisonment on the conspiracy count, concurrent 480 months on the count involving distribution of five grams or more of cocaine base, concurrent 240 months on the three counts involving distribution of lesser amounts of cocaine base, and a consecutive five-year sentence on the firearms count.[2] Response, Exh. 3. The Petition seeks relief on four grounds: (1) Petitioner was sentenced above the statutory maximum; (2) Petitioner was sentenced in excess of § 841(b)(1)(C); (3) Petitioner is actually innocent; and (4) the government failed to prove drug type and quantity, i.e. Petitioner was convicted of a non-existent offense. Petition at 3-5. More specifically, Petitioner assets that the Supreme Court's decision in DePierre v. United States, ___ U.S.___, 131 S.Ct. 2225 (June 9, 2011)[3] presents a new rule of substantive criminal law that should

---

[2]Puzey's sentence and conviction were affirmed on direct appeal. United States v. Puzey, 73 F. App'x 549, 551-53 (4th Cir. 2003). The appellate court rejected Petitioner's arguments challenging the sufficiency of the evidence to sustain his convictions, the jury's findings with respect to the drug quantities involved, and the district court's instructions to the jury concerning their drug quantity findings. Id. The Supreme Court denied Puzey's petition for certiorari. Puzey v. United States, 540 U.S. 1093 (2003).

[3]In DePierre, the Supreme Court determined that the term "cocaine base" used in 21 U.S.C. § 841(b) (1), "in its most natural reading of the term" means "cocaine in its base form" and includes "crack cocaine, freebase, and coca paste." ___ U.S. at ___, 131 S.Ct. at 2231.

be applied retroactively to his case. Memorandum at 15, 17. In particular, Petitioner contends that the drug type and quantity are elements of the § 841 offense; and, because these questions were not submitted to and determined by the jury, he is actually innocent of the life sentence. Id. As relief, Petitioner seeks release from confinement, to have his conviction and sentence vacated, or that he be re-sentenced under § 841(b)(1)(C). Petition at 6. Petitioner acknowledges that he unsuccessfully pursued relief under 28 U.S.C. § 2255. Petition at 2, ¶4.[4]

Respondent filed a Response to the Petition seeking dismissal of the Petition (Doc. #10, Response) and submitted exhibits in support of his Response (Doc. #10-1, Exhs. 1-4). Petitioner filed a Reply to the Response (Doc. #11, Reply). For the reasons more fully set forth herein, the Court finds the Petition should be dismissed.

Title 28 U.S.C. § 2241 provides a means for a prisoner to challenge the execution of his sentence. Here, Petitioner is

---

[4]The district court denied Puzey's § 2255 motion, and the Fourth Circuit denied Puzey's application for a certificate of appealability. United States v. Puzey, 178 F. App'x 304-305 (4th Cir. 2006). In his § 2255 motion, Petitioner re-raised an Apprendi error issue, namely that the "total drug quantity was not submitted to a jury and found beyond a reasonable doubt," which Petitioner raised on direct appeal. Response at Exh. 4 at 2, 4. Puzey then filed a motion pursuant to Fed. R. Civ. P. 60(b), which the district court dismissed as an unauthorized successive § 2255 motion. Puzey v. United States, 2009 WL 2709368, *1-*3 (N.D.W.Va. Aug. 26, 2009). The Fourth Circuit affirmed the dismissal. United States v. Puzey, 393 F. App'x 123 (4th Cir. 2010).

challenging the validity of his underlying conviction and life sentence entered by the Northern District of West Virginia. Thus, the Court must first determine whether Petitioner is entitled to obtain relief via a § 2241 petition.

"Typically collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005)(*per curiam*). When a petitioner has previously filed a § 2255 petition, he must apply for and receive permission from the appropriate federal circuit court prior to filing a successive petition. Id. (citing In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996); see also 28 U.S.C. § 2244(b)(3)(A). Additionally, § 2255 motions must be brought in district court of conviction and are subject to a one-year statute of limitations. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003); 28 U.S.C. § 2255(f).

Petitioner contends that he no longer has any remedies available under § 2255, so he files the Petition under § 2241. Memorandum at 7-9. According to Eleventh Circuit precedent, the circumstances under which a federal prisoner may invoke relief pursuant to § 2241 are limited to specific instances set forth in the "savings clause" of § 2255. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). A prisoner may not use the savings clause simply to circumvent the one-year limitation bar, the prohibition

against filing a second or successive § 2255 motion or a procedural bar. Id. at 1244. Rather,

> [t]he savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised.

Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005)(quoting Wofford, 177 F.3d at 1244). A petitioner must meet each element of this test. Dean v. MacFadden, 133 F. App'x 640, 642 (11th Cir. 2005).

Here, Petitioner is not entitled to relief under § 2241 because he does not satisfy the Wofford requirements. At the outset, assuming *arguendo* that Petitioner can demonstrate that Depierre somehow benefits his case, Depierre has not been made retroactive by the United States Supreme Court. "[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663 (2001) (internal quotation marks omitted); In re Joshua, 224 F.3d 1281, 1283 (11th Cir. 2000) ("For a new rule to be retroactive, the Supreme Court must make it retroactive to cases on collateral review."). The Supreme Court's opinion in Depierre does not indicate that it was made retroactive to cases on collateral review. Depierre does not use the word "retroactive," let alone discuss application to cases of collateral review. Thus, the Court

finds that Depierre is not retroactive. See also Fields v. Warden, FCC Coleman-USP 1, 484 F. App'x 425, 427 (11th Cir. 2010)(affirming dismissal of § 2241 petition finding DePierre not retroactive); Starks v. Warden, FCC Coleman-USP 1, Case No. 5:12-cv-305, 2012 WL 4512915 at *1 (M.D.Fla. Oct. 1, 2012)(finding DePierre "not retroactively applicable"); Harden v. Warden, FCC Coleman-USP 1, Case No. 5:12-cv-328, 2012 WL 3291694 at *1 (M.D.Fla. August 13, 2012)(same); Biggins v. Haynes, Case No. 2:12-cv-24, 2012 WL 2254588 at *3 (S.D. Ga. May 8, 2012)(finding DePierre not retroactive); United States v. Crump, Case No. 706-cr-7-1, 2012 WL 604140 at *2 (W.D.Va. Feb. 24, 2012)(same); Williams v. United States, Case No. 9:11cv118, 2012 WL 214893 at *2 n. 1 (E.D.Tex. Jan. 23, 2012)(noting "DePierre has not been recognized or declared a retroactively applicable Supreme Court decision"); and Wilson v. United States, Case No. 11-CV-1532, 2011 WL 6308907, at *3 (W.D.La. Nov. 29, 2011)(finding DePierre "only clarified existing law."). Since the Court concludes that Depierre is not retroactive, Petitioner cannot meet the first prong of Wofford. Further, DePierre did not decriminalize the conduct for which Petitioner was convicted. Consequently, Petitioner cannot show that he was convicted of a nonexistent offense.

Additionally, even if Petitioner can show that DePierre is retroactive to "open the portal" to a § 2241 proceeding, the petitioner must still demonstrate "actual innocence." Wofford, 177

F.3d at 1244, n. 3 (citing Bousely v. United States, 523 U.S. 614, 623 (1998)("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.")). Petitioner can not demonstrate that he is innocent of the offenses for which he stands convicted and incarcerated. Instead, he argues only that the jury's findings were insufficient to support the imposition of a life sentence. See McKay v. United States, 657 F. 3d 1190, 1197-99 (11th Cir. 2011); Edwards v. Warden, FCC Coleman-Medium, 432 F. App'x 897, 899 (11th Cir. 2011)("There is no precedent in this circuit for applying the savings clause to sentence claims.").

ACCORDINGLY, it is hereby

**ORDERED and ADJUDGED:**

1. The Petition for Writ of Habeas Corpus (Doc. #5) is **DISMISSED.**

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions and deadlines, and close this case.

**DONE AND ORDERED** in Orlando, Florida, on this 27 day of March, 2013.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record